[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12171
Non-Argument Calendar

_____

D.C. Docket No. 9:14-cr-80196-DTKH-1


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

DAGO NOEL MEJIA-ANDRADE,
a.k.a. Richard Noel,

                                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 2, 2015)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Dago Noel Mejia-Andrade, who pled guilty to violating 8 U.S.C. § 1326(a) by illegally reentering the United States after deportation, appeals his 12-month-and-1-day sentence.  On appeal, Mejia-Andrade argues that his sentence is substantively unreasonable because the district court imposed a five-month upward variance from the guideline range of one to seven months based upon an improper weighing of Mejia-Andrade's criminal and immigration history.  After review,[1] we affirm.

During Mejia-Andrade's sentencing, the district court considered and discussed the § 3553(a) factors, including the nature and circumstances of Mejia-Andrade's offense, Mejia-Andrade's history and characteristics, the need for a sentence that provides deterrence and protects the public, the kinds of sentences available, the applicable guideline range, pertinent policy, and the need to avoid unwarranted sentencing disparities.  *See* 18 U.S.C. § 3553(a).  The district court need do no more than weigh the § 3553(a) factors, consider the defendant's argument at sentencing, and apply its discretion to impose a reasonable sentence. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (explaining that the

---

[1] We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).  The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  A court may abuse its discretion if it: (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  We assess substantive reasonableness in light of the totality of the circumstances and the § 3553(a) factors. *Gall*, 552 U.S. at 51.

2

weight to be accorded to the § 3552(a) factors is committed to the sound discretion of the district court); *see also United States v. Garza-Mendez*, 735 F.3d 1284, 1290 (11th Cir. 2013), *cert. denied*, 135 S. Ct. 54 (2014) (holding that the district court need not discuss each factor expressly).

After consideration, the district court concluded that Mejia-Andrade's criminal history and multiple illegal entries into the United States merited an upward variance sufficient to deter Mejia-Andrade and "get [his] attention that [illegal reentry after deportation] really is serious." While we require that a district court provide a "sufficiently compelling" explanation for an upward variance from the guideline range, we must give due deference to the district court's decision that the § 3553(a) factors justify the variance. *Gall*, 552 U.S at 50, 51. As this Court stated in *Irey*:

> We may not—it bears repeating—set aside a sentence merely because we would have decided that another one is more appropriate. A district court's sentence need not be the most appropriate one, it need only be a reasonable one. We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable.

612 F.3d at 1191 (citations and footnote omitted). Giving a full measure of deference to the judgment of the district court, we cannot say that Mejia-Andrade's sentence is truly unreasonable.

**AFFIRMED.**

3